UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ROGER LAUGAND, ET AL. | CIVIL ACTION |
| VERSUS | |
| THE BANK OF NEW YORK MELLON, ET AL | NO.: 17-00083-BAJ-RLB |

RULING AND ORDER

Before the Court is the **Motion to Dismiss (Doc. 5)** filed by TransUnion, the **Motion to Dismiss (Doc. 12)** filed by Sid J. Gautreaux III, the Sheriff of East Baton Rouge Parish, the **Motion to Dismiss (Doc. 16)** filed by the 19th Judicial District Court, the **Motion to Dismiss (Doc. 22)** filed by Attorney General Jeff Landry, and the **Motion to Dismiss (Doc. 26)** filed by The Bank of New York Mellon, as trustee, the Law Offices of Herschel C. Adcock, Jr., LLC, and Mitchell Dickson. *Pro se* Plaintiffs Roger and Cheryl Laugand filed oppositions (Doc. 23, 24, 27). For the following reasons the **Motions to Dismiss (Docs. 5, 12, 16, 22, 26)** are GRANTED.

I.  BACKGROUND

The instant lawsuit stems from Plaintiffs' allegation that their home was unlawfully foreclosed upon. (Doc. 14). Plaintiffs named the State of Louisiana, the Attorney General Jeff Landry, the Bank of New York Mellon, the 19th Judicial District Court, Sheriff Gautreaux, the Law Offices of Hershel C. Adcock, Jr. LLC, Mitchell Dickson, Equifax, Transunion, and Experian as Defendants. (Doc. 14 at p. 1-2). Plaintiffs thirty-nine page complaint contains numerous allegations, but at

bottom Plaintiffs claim that their home loan was falsely manipulated as a justification for a default, they were discriminated against because they are African-American, and that they received insufficient notice of foreclosure. *Id.* at 2-3.

Plaintiffs brought claims for negligent damages to credit rating, fraudulent misrepresentation, breach of good faith and fair dealing, quiet title, action for accounting, violations of the Fair Debt Collection Practices Act, specific performance by promissory or equitable estoppel, breach of contract, violations of the Racketeering Influenced Corrupt Organizations Act, rescission of note and deed under the Truth in Lending Act, violations of the Fair Credit Reporting Act, and discrimination and violation of Due Process and Equal Protection under 42 U.S.C. § 1983. (Doc. 14 at p. 16-37). Plaintiff also seeks a declaratory judgment, temporary restraining order ("TRO") and preliminary injunction to enjoin the foreclosure of their home. (Doc. 1).

## II. LEGAL STANDARD

A motion to dismiss filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint against the legal standard set forth in Rule 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Claims of immunity also may be raised in a Rule 12(b)(6) motion to dismiss. *See Brown v. Miller*, 519 F.3d 231 (5th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is]

a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Although a "pro se complaint is to be construed liberally with all well-pleaded allegations taken as true," a pro se plaintiff nevertheless must plead sufficient factual matter that supports her claim to relief in order to survive a Rule 12(b)(6) motion to dismiss. *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993). "Even a liberally construed pro se civil rights complaint, however, must set forth facts giving rise to a claim on which relief may be granted." *Id.*

### III. DISCUSSION

The 19th Judicial District Court argues that it lacks capacity to be sued. (Doc. 16). Under Rule 17(b), Louisiana state law governs whether a state district court has the capacity to be sued. *See* Fed. R. Civ. P.17(b)(3) ("Capacity to sue or be sued is determined . . . by the law of the state where the court is located[.]"). And under Louisiana law, state judicial district courts are not persons capable of being sued. *See, e.g., Rutherford v. Louisiana*, No. 10–1987, 2011 WL 692031, at *5 (E.D. La. Feb.17, 2011) (finding that the 21st Judicial District Court lacks capacity to be sued); *Ormond v. Louisiana*, No. 09–7202, 2009 WL 6419040, at *2 (E. D. La. Dec. 22, 2009)

(finding the Louisiana Fifth Circuit Court of Appeals lacks capacity to be sued). Therefore, the claims against the 19th Judicial District Court are dismissed.

Sheriff Gautreaux moves to dismiss the claims against him. (Doc. 12). Plaintiffs allege that the Sheriff did not properly effectuate service on Plaintiffs with regard to the pending foreclosure of their home in violation of due process. (Doc. 14 at p. 7-8). Sheriff Gautreaux has attached disposition of service documents from the 19th Judicial District Court showing that Plaintiffs were properly served with notice of their home foreclosure on August 8, 2016. (Docs. 12-3 and 12-4). The Court takes judicial notice of these court documents, and therefore finds that Plaintiffs were served with notice of their foreclosure. S*ee Norris v. Hearst Trust*, 500 F.3d 454, 461 n. 9 (5th Cir.2007) ("it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record.") Accordingly, Sheriff Gautreaux's Motion to Dismiss is granted.

The Bank of New York Mellon also moves to dismiss. (Doc. 26). Unlike many of the other defendants, Plaintiffs make specific allegations about the Bank of New York Mellon. For example, Plaintiffs "challenge[] [the Bank's] capacity and legality as a recognized Trust and is challenged as a sham organization that has neither proof, nor is a recognized trust," that the Bank "has failed to follow [Louisiana] statutes protecting homeowners from foreclosure and case law prohibits them from foreclosing by reason, of such," and that the Bank has "perpetrated as part of a well-crafted scheme to defraud and discriminate against plaintiffs, commenced and prosecuted a foreclosure action in Louisiana's 19th Judicial District Court exploiting its Judges

4

and court personnel in said scheme[.]" (Doc. 14). These allegations and the many others directed toward the Bank of New York Mellon are wildly speculative and far too conclusory, even construing the complaint liberally, to entitle Plaintiffs to relief.

Louisiana Attorney General Jeff Landry, Transunion, Mitchell Dickson (a notary public), and the Law Offices of Hershel C. Adcock also move to dismiss the claims against them. (Docs. 14, 22, 26). Other than naming these defendants, Plaintiff's Complaint does not contain any specific allegations about how these defendants were involved in any alleged unlawful foreclosure. (Doc. 14). Therefore, the claims against them are dismissed.

Plaintiffs also seeks a TRO and Preliminary Injunction to "stop all further state litigation" arising from the foreclosure of their home. (Doc. 14 at ¶ 54). "A preliminary injunction is an extraordinary remedy that should only issue if the movant shows: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) the injunction will not disserve the public interest." *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). Here, Plaintiffs are not likely to prevail on the merits for the reasons previously offered in the Court's ruling on the various motions to dismiss and Plaintiffs have not demonstrated a substantial threat of irreparable injury. Therefore, the application for a TRO and Preliminary Injunction is denied.

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Application for a Temporary Restraining Order and Preliminary Injunction (Doc. 1)** is **DENIED**.

**IT IS ORDERED** that the **Motion to Dismiss (Doc. 5)** filed by TransUnion is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 12)** filed by Sheriff of the Parish of East Baton Rouge is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 16)** filed by the 19th Judicial District Court is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 22)** filed by Attorney General Jeff Landry is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion to Dismiss (Doc. 26)** filed by The Bank of New York Mellon, The Law Offices of Herschel C. Adcock, Jr., LLC, and Mitchell Dickson is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's claims against TransUnion, the Sheriff of the Parish of East Baton Rouge, the 19th Judicial District Court, Attorney General Jeff Landry, The Bank of New York Mellon, The Law Offices of Herschel C. Adcock, Jr., LLC, and Mitchell Dickson are **DISMISSED**.

Baton Rouge, Louisiana, this 26th day of September, 2017.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA