UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROGER JOSEPH LAUGAND, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 17-83-BAJ-RLB** |
| **THE BANK OF NEW YORK MELLON, ET AL.** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have fourteen (14) days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on August 16, 2018.

**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROGER JOSEPH LAUGAND, ET AL.                        CIVIL ACTION

VERSUS

                                                    NO. 17-83-BAJ-RLB

THE BANK OF NEW YORK MELLON,
ET AL.

**REPORT AND RECOMMENDATION**

The complaint in this matter was filed on February 9, 2017. On February 22, 2017, the plaintiffs paid the $400.00 filing fee. A scheduling conference was set for April 27, 2017. That conference had to be rescheduled, with the Court noting that "not all defendants have been served." (R. Doc. 18, Text Entry dated April 13, 2017).

On September 26, 2017, the district court issued a ruling dismissing the plaintiffs' claims against TransUnion, the Sheriff of the Parish of East Baton Rouge, the 19th Judicial District Court, Attorney General Jeff Landry, the Bank of New York Mellon, the Law Offices of Herschel C. Adcock, Jr., L.L.C. and Mitchell Dickson. (R. Doc. 29).

The court set a telephone status conference for May 30, 2018 and directed the plaintiffs and counsel for the remaining defendant(s) to submit a joint status report. A joint status report by the plaintiffs and defendant Equifax was filed on May 24, 2018. (R. Doc. 32). The court held the conference on May 30, 2018. (R. Doc. 33). Only plaintiff Roger Joseph Laugand and counsel for defendant Equifax participated in the conference.

In the court's order from the conference (R. Doc. 33), the court noted that summons were mailed to defendant Experian on February 14, 2017[1] but no answer has been filed and no request

---

[1] The Court notes that the summons was not issued (signed) by the Clerk of Court, does not identify the proper civil action number, and does not identify the Middle District of Louisiana as the district where the lawsuit was filed. (R. Doc. 11 at 11).

for entry of default has been filed. In addition, the State of Louisiana was named as a defendant in the plaintiffs' Verified Amended Complaint (R. Doc. 14), but summons were never submitted or issued for this defendant.[2] The court ordered the plaintiffs to show cause, in writing, on or before **Friday**, **June 22, 2018**, why the claims against Experian should not be dismissed for failure to prosecute and why the claims against State of Louisiana should not be dismissed for failure to serve within the time permitted by the Federal Rules of Civil Procedure.[3] The plaintiffs have not responded to the show cause order and have not prosecuted their claims against Experian and State of Louisiana.

Rule 4(m) of the Federal Rules of Civil Procedure states that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

LR 41(b) provides that a matter may be dismissed for failure to prosecute when no service of process has been made within 120 days of filing of the complaint or when no responsive pleadings have been filed and no default has been entered within 60 days after service of process.

This matter was filed on February 13, 2017. As to the defendant Experian, there has been no answer filed by this defendant and no request for entry of default has been filed. As to the

---

[2] Rule 4(m) of the Federal Rules of Civil Procedure states that "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

[3] LR 41(b) provides that a matter may be dismissed for failure to prosecute when no service of process has been made within 120 days of filing of the complaint or when no responsive pleadings have been filed and no default has been entered within 60 days after service of process.

defendant State of Louisiana, summons were never submitted or issued for this defendant. The plaintiffs have taken no further action against defendant Experian and no action against defendant State of Louisiana and has not responded to the court's order to show cause regarding these defendants.

As a practical matter, the case cannot proceed against these defendants if the plaintiff does not prosecute their claims against these defendants or respond to the court's order to show cause. Plaintiffs' failure to prosecute their claims against defendant Experian and the State of Louisiana effectively deprives these defendants of the opportunity to defend themselves from the allegations made against them. The plaintiff has failed to respond to court's order, and has failed to prosecute this action as to defendant Experian and the State of Louisiana.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed without prejudice as to defendant Experian and State of Louisiana pursuant to Rule 4(m) of the Federal Rules of Civil Procedure and under Local Rule 41(b) for failure to prosecute.

Signed in Baton Rouge, Louisiana, on August 16, 2018.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**